IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  99-CR-170-TCK |
| ) | (05-CV-675-TCK-SAJ) |
| MICHAEL LEE HANSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a pro se 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence filed by defendant Michael Lee Hanson on November 28, 2005 (Dkt. # 74).

Defendant raises a single issue in his motion.  Defendant claims his constitutional rights to due process of law were violated when the trial judge imposed a four level enhancement to his sentence based upon facts determined by the court using a preponderance of the evidence standard of proof, in contradiction to the doctrine set forth in United States v. Booker, 543 U.S. 220 (2005).

The defendant was originally sentenced by the trial judge on May 5, 2000.  Judgment (Dkt. # 25) was entered May 12, 2000. Following an appeal by the government from the denial of its motion for upward departure, the Tenth Circuit Court of Appeals affirmed in part and remanded the case for re-sentencing. See Dkt. # 42; United States v. Hanson, 264 F.3d 988 (10th Cir. 2001). On February 8, 2002, Hanson was re-sentenced.  An Amended Judgment was entered on February 12, 2002  (Dkt. # 71).  Hanson did not file a direct appeal challenging his re-sentencing.  Accordingly, Hanson's conviction and sentence became final on February 22, 2002, or ten days following entry of the Amended Judgment.

Hanson filed his § 2255 motion on November 28, 2005. A motion under § 2255 is subject to a one-year statute of limitations. 28 U.S.C. § 2255 ¶ 6. Hanson's one-year statutory period commenced to run on February 22, 2002, and expired one year later, or on February 22, 2003. Thus, the Court finds that Hanson's petition is untimely and should be dismissed with prejudice.[1]

**ACCORDINGLY, IT IS THE ORDER OF THE COURT** that Hanson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 74) is hereby **dismissed with prejudice** as untimely.

DATED THIS 12th day of November, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

---

[1] Parenthetically, the Court notes that Booker was decided by the Supreme Court on January 12, 2005, almost three years after Hanson's conviction became final. The Tenth Circuit has held that the rule announced in Booker does not apply collaterally to a federal defendant whose conviction was final at the time the decision was pronounced. See United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005). The claim asserted in Hanson's motion is without merit and would otherwise be subject to denial.