IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> MICHAEL LEE HANSON, <br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 99-CR-170-TCK <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Before the Court is Defendant, Michael Lee Hanson's ("Hanson") Amended Motion to Vacate/Set Aside/Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 93), the plaintiff, United States of America's Response (Doc. 96), and Hanson's Reply. (Doc. 97).

In November of 1999, Hanson murdered his father. Hanson pleaded guilty to second-degree murder under 18 U.S.C. § 1111(a) and using a firearm in furtherance of a crime of violence under § 924(c). He now contends that federal second-degree murder was not a "crime of violence."

**I. Background**

In November of 1999, Hanson fought with his father over a gun. The gun fired. The bullet struck Hanson's father in the temple, dropping him to the floor. Hanson noticed his father was still moving, prompting Hanson to shoot his father in the head several more times. His father died. (Doc. 15 at 2). Hanson pleaded guilty to two counts. The first, Count 3, charged Hanson with federal second-degree murder under 18 U.S.C. § 1111(a). The second, Count 5, charged Hanson with using a firearm in furtherance of the crime of violence set forth in the indictment. (Doc. 6; Doc. 15 at 3; Doc. 16 at 1). He waived his appellate rights, including his right to collaterally attack his convictions for anything other than ineffective assistance of counsel. (Doc. 16 at 2–3).

Hanson has filed several appeals, both direct and pursuant to 28 U.S.C. § 2255. In this latest appeal, he claims that the crime to which he plead guilty in Count 3—18 U.S.C. § 1111(a) second-degree murder—counted as a crime of violence only under 18 U.S.C. § 924(c)(3)(B)'s "residual clause." Because the Supreme Court recently held that clause unconstitutionally vague in 2019, Hanson asks this Court to throw out his conviction under Count 5 and resentence him. *See United States v. Davis*, 139 S. Ct. 2319 (2019).

## II. Analysis

In his plea agreement, Hanson waived his right to file any motion collaterally attacking his conviction except for ineffective assistance of counsel claims. (Doc. 16 at 2–3). He initialed both pages describing the waiver. *Id.* He also acknowledged to the Court that he knowingly and voluntarily waived those rights. (Plea Tr. at 15–16). A waiver of collateral attack rights is generally enforceable where the waiver is stated expressly in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. *United States v. Cockerham*, 237 F.3d 1179, 1182–83 (10th Cir. 2001).

When a defendant waives his right to collaterally attack his conviction and sentence, but later files a § 2255 petition, the Court considers: (1) whether the disputed claim falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).

### A. Hanson waived his right to collateral attack.

Hanson's plea agreement provides that he waived "all appellate rights, including any and all collateral attacks including but not limited to those pursued by means of a writ of habeas corpus

on any ground except for ineffective assistance of counsel." (Doc. 16 at 2–3; Plea Tr. at 16). Because Hanson collaterally attacks his conviction on substantive grounds, his petition falls within the scope of his collateral attack waiver.

### B. The waiver was knowing and voluntary.

The record in this case reflects that Hanson knowingly and voluntarily executed the plea agreement and his waiver of appellate and post-conviction rights. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (to determine whether defendant entered a plea agreement knowingly and voluntarily, courts examine the language of the plea agreement and whether there was an adequate colloquy). In his plea agreement, Hanson initialed the pages with the appellate waiver. *See* (Doc. 16 at 2–3). He signed the document in several places. *Id.* at 4, 12, 13. Furthermore, the Court ascertained during the change-of-plea colloquy that Hanson understood that his plea agreement contained a waiver of appellate and post-conviction rights. It determined that he understood the appellate rights he was waiving. (Plea Tr. at 15–16). And the Court explicitly found that Hanson plead guilty knowingly and voluntarily. *Id.* at 22–23.

Thus, the plea agreement, Hanson's colloquy with the Court, and the Court's findings all establish that Hanson knowingly and voluntarily plead guilty and waived his right to collaterally attack his sentence.

### C. Enforcing the waiver would not result in a miscarriage of justice.

Enforcement of the waiver would not result in a miscarriage of justice. Such a miscarriage of justice occurs only in four situations: (1) where the Court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where

the waiver is otherwise unlawful. *Viera,* 674 F.3d at 1219. Here, Hanson has failed to show that any of these situations apply.[1]

Accordingly, Hanson's Amended Motion to Vacate/Set Aside/Correct Sentence (Doc. 93) is denied.

**IT IS SO ORDERED this 22nd day of March, 2022.**

TERENCE C. KERN
United States District Judge

---

[1] Hanson asserts an "actual innocence" claim to counter the waiver analysis. First, Hanson is not actually innocent of violating 18 U.S.C. § 924(c). Second, even assuming his § 924(c) conviction is invalid, the waiver is enforceable. The Government dropped counts 1, 2, and 4 and agreed to a second-degree murder conviction in part in exchange for the § 924(c) conviction. *See* Doc. 6; Doc. 16 at 7; Doc. 69. Further, nothing in the instant motion calls his murder conviction into question. He was not actually innocent of shooting and killing his father. Therefore, no miscarriage of justice will result in the enforcement of Hanson's collateral attack waiver and the dismissal of his § 2255 motion.